IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BEST CONSTRUCTION, INC., )
)
           Plaintiff, )
)
vs. ) CIVIL NO. 05-277-GPM
)
EMPIRE HOME SERVICES, L.L.C., d/b/a )
EMPIRE TODAY, and CARPET )
WORKSHOP, L.L.C., d/b/a CARPET )
WORKSHOP, )
)
           Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on December 12, 2005, for a hearing on Defendants' motion to dismiss (Doc. 17). For the reasons set forth on the record and below, the motion is granted in part and denied in part.

## BACKGROUND

Best Construction, Inc., filed a first amended class action complaint against Empire Home Services, L.L.C, d/b/a Empire Today ("Empire"), and Carpet Workshop, L.L.C., d/b/a Carpet Workshop ("Carpet Workshop"), on May 20, 2005. Jurisdiction is invoked pursuant to the CLASS ACTION FAIRNESS ACT § 9, Pub. L. No. 109-2 (2005) ("CAFA"): Plaintiff is a Washington state corporation with its principal place of business in Snohomish, Washington; Empire is a limited liability company with three members who are citizens of Illinois and New York; Carpet Workshop is a limited liability company with one member, co-defendant Empire (a citizen of Illinois and New York). The amount in controversy is alleged to be approximately $16,000,000.00, an amount well

in excess of the jurisdictional requirement of $5,000,000, exclusive of interest and costs.

According to the allegations of the first amended complaint (*see* Doc. 7), Empire sells carpeting, flooring, window treatments, and other similar home improvement products direct to the consumer. Empire operates in approximately 23 states and has a presence in most major cities throughout the country.

It is alleged that a consumer who is interested in home improvement contacts Empire either through its website or by phone and then meets with an Empire representative. If the consumer decides to purchase a home improvement product, Empire arranges installation through one of its many independent construction subcontractors. Best Construction is one of these independent construction subcontractors, and it seeks to represent others similarly situated by certifying the following class pursuant to Federal Rule of Civil Procedure 23:

> From February 15, 2004 to the date this matter is certified, all subcontractors who had an 'agreement' to provide installation and construction services on a fee for service basis pursuant to a contract with the Defendants wherein its fees were discounted and/or omitted contrary to the agreement and/or wherein it was back-charged for services provided by another contractor.
>
> Excluded from this class are employees, officers and agents of Defendant's [sic] or any subsidiary or affiliate of any Defendant their immediately [sic] family members and any Judge who may preside over this matter.

(*See* Doc. 7, para. 16.)

Best Construction alleges that it (and each subcontractor who falls within the class definition) has a contract with Empire to provide installation in exchange for payment. Best Construction has not attached a copy of the contract to the amended complaint; a copy of the agreement, which is dated January 21, 2004, is attached to the affidavit of Steve Silvers, attached as an exhibit to the memorandum in support of the motion to dismiss (Doc. 18), and the Court considers it as part of the

complaint.

Best Construction alleges that Empire and Carpet Workshop have breached this agreement by systematically and wrongfully making reductions and omitting fees or portions of fees for payment that are not allowed under the agreement. (*See* Doc. 7, para. 13.) Best Construction also seeks damages under the Illinois Consumer Fraud and Deceptive Practices Act and under a theory of unjust enrichment, as well as injunctive and equitable relief.

## ANALYSIS

The Court first notes the standard under which it must consider a motion to dismiss for failure to state a claim upon which relief can be granted brought pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion to dismiss, a court must take all allegations in a complaint to be true and view them, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981). A motion to dismiss is properly granted only if it appears beyond doubt that a plaintiff is unable to prove any set of facts which would entitle him or her to relief. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

*Illinois Consumer Fraud and Deceptive Practices Act Claims*

The Illinois Consumer Fraud Act defines a consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). The term person includes a corporation, *see* 815 ILCS 505/1(c), and merchandise includes intangibles and services, *see* 815 ILCS 505/1(b). Best argues that its contract is for services, "i.e. ability to provide home installation projects," and, therefore, it is a consumer under the statute. Best relies on the district court case of *We Deliver America v. General Growth Properties*, No. 03-C-2107, 2003 WL 22836449 (N.D. Ill.

Nov. 21, 2003).

*We Deliver America* is distinguishable, however, because in that case the Court found the plaintiff was a consumer because it purchased many services from the defendant. In the instant case, Best never contracted for any services – the "ability to provide home installation projects" was Best's obligation under the contract, not a "service" that it purchased.

Moreover, the Court rejects Best's argument that it has standing under the Illinois Consumer Fraud and Deceptive Practices Act because it has alleged sufficient facts to fall within the "consumer nexus test." In this case, there appears to be no injury to consumers. As in the case of *Midamerican Energy Co. v. Utility Resources Corp.*, No. 03-2313, 2003 WL 22359526 (N.D. Ill. Oct. 15, 2003), this dispute appears to be simply a private business dispute which does not implicate consumer protection concerns. Although the complaint contains some allegations about trade practices, Defendants are "not alleged to have made a misrepresentation to the general public or to any actual or potential customers of plaintiff who were not also clients of defendant[s]." *Id.* at *5.

<u>*Breach of Contract Claim against Empire*</u>

An essential element of a claim for breach of contract is, of course, the existence of a contract between the parties. This claim fails simply because there is no written agreement between Empire and Best.

<u>*Breach of Contract Claim against Carpet Workshop*</u>

For the reasons stated on the record, this claims survives Defendants' Rule 12 motion.

<u>*Claim for Unjust Enrichment against Empire*</u>

This claim fails for the simple reason that Best has a claim for breach of contract against Carpet Workshop. Either the contract was breached, in which case Best will be entitled to contract damages, or the contract was not breached, in which case there could be no claim for unjust

enrichment.

*Claim for Unjust Enrichment against Carpet Workshop*

To establish an unjust enrichment claim, Best must present evidence that Empire and Carpet Workshop "unjustly retained a benefit" to Best's detriment and that their retention of the benefit "violated fundamental principles of justice, equity, and good conscience." *M&Q Insulation Co. v. Harris Bank Naperville*, 783 N.E.2d 635, 639 (Ill. App. Ct. 2002). In this case, however, there is a written contract between Best and Carpet Workshop, and unjust enrichment does not apply.

*Claims for Injunctive and Equitable Relief*

These claims fail because the contract at issue was terminated on November 18, 2004, and there is no basis for injunctive or equitable relief.

### CONCLUSION

For these reasons, the motion to dismiss is **GRANTED in part and DENIED in part**. All claims against Defendant Empire are **DISMISSED with prejudice**. The claims under the Illinois Consumer Fraud and Deceptive Practices Act, and the claims for unjust enrichment and injunctive and equitable relief against Carpet Workshop are **DISMISSED with prejudice**. The only remaining claim is a breach of contract claim against Carpet Workshop.

**IT IS SO ORDERED.**

DATED: 12/13/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
